UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

THOMAS LEE EDRINGTON,            :
                    Petitioner,   :
                                  :       CIVIL ACTION NO. 3:09-CV-585
          v.                      :
                                  :           (Judge Kosik)
SUPERINTENDENT MICHAEL D.         :
KLOPOTOSKI and PA STATE           :
ATTORNEY GENERAL,                 :
                    Respondents.  :

_____

**<u>MEMORANDUM</u>**

Before the court are Petitioner's Objections to the Report and Recommendation of Magistrate Judge Malachy E. Mannion[1] filed on June 3, 2010 (Doc. 20).  For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

<u>BACKGROUND</u>

Petitioner, Thomas Lee Edrington, an inmate confined at the State Correctional Institution, Dallas, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to  28 U.S.C. §2254 on March 31, 2009.  In his Petition, Petitioner challenges his conviction for aggravated assault and false imprisonment in the Court of Common Pleas of Dauphin County.  The Respondents filed a Response to the Petition for Writ of Habeas Corpus (Doc. 11) on June 1, 2009.  Petitioner filed a Traverse on July 8, 2009 (Docs. 15 and 16).

---

[1]We note that former Magistrate Judge Malachy E. Mannion is now a United States District Court Judge.

On June 3, 2010, the Magistrate Judge filed a Report and Recommendation (Doc. 20), wherein he recommended that: (1) Grounds One (1), One (5), Two, Three and Four through Eleven be dismissed as procedurally defaulted; and, (2) Grounds One (2), One (3), and One (4) be denied on the merits.  On July 26, 2010, Petitioner filed Objections (Doc. 24) to the Report and Recommendation.  On November 23, 2010, Petitioner filed a Motion to Hold the Habeas Corpus Proceedings in abeyance, pending his filing of additional materials in state court (Doc. 27).  On December 8, 2010, the Petition for Writ of Habeas Corpus was stayed and Petitioner was directed to provide the court with status reports at 90 day intervals (Doc. 28).  On August 28, 2012, Petitioner filed a Motion to Lift the Stay and to reopen the case (Doc. 35).  On March 6, 2013, the Motion to Lift the Stay and Reopen the Case was granted (Doc. 36).

STANDARD OF REVIEW

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made.  28 U.S.C. §636(b)(1)(c); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. §636(b)(1); Local Rule 72.3.  Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

DISCUSSION

In the Report and Recommendation, the Magistrate Judge set forth the factual

-2-

history, as taken from the opinion of the Pennsylvania Superior Court, as follows:

> In the early morning hours of October 19, 1999, twelve-year-old ["DC"] awoke to the sound of her mother, Rita Smith, arguing with [petitioner] her mother's boyfriend, at Ms. Smith's residence in Harrisburg. ["DC"] called out to her mother, who assured her that nothing was wrong. ["DC"] then went back to sleep. Thereafter, [petitioner] asked Ms. Smith to perform oral sex on him, and when she refused, he became angry and raised his fists at her. As a result, Ms. Smith ran from the house and called out to ["DC"], telling her to meet her outside. ["DC"] got dressed and ran outside, but could not locate her mother; thus, she reentered the house and went back to sleep.
>
> [Petitioner] woke ["DC"] and instructed her to look for her mother. When ["DC"] stood up, [petitioner] put his hands around her neck and began choking her. He then forced ["DC"] onto her bed and pushed her face into a pillow. As ["DC"] struggled with [petitioner], she began to foam at the mouth and urinated on herself. [Petitioner] told her to remove her pants, but she refused. [Petitioner] stopped choking ["DC"], put a knife to her throat, told her to remain quiet, and threatened to kill her if she made any noise. [Petitioner] tied ["DC"] to her bed with wire and bed sheets, and he gagged her with a bandanna.
>
> After securing ["DC"] to the bed, [petitioner] began pacing in the hallway, waiting for Ms. Smith to return to the house. When Ms. Smith finally returned, [petitioner] threatened her with the knife and stated that he had choked ["DC"]. When [petitioner] subsequently walked to the entrance of the house to peer outside, Ms. Smith closed the front door behind him. [Petitioner] fled the scene, and Ms. Smith summoned the police.

(Doc. 20, pp. 2-3, referencing, Doc. 12, Ex. E, pp. 1-2)

The Magistrate Judge then set forth the procedural history.  As the Magistrate Judge points out, a criminal complaint was filed on October 16, 1999, charging Petitioner with aggravated assault, unlawful restraint, false imprisonment and simple assault by physical menace.  On August 9, 2000, Petitioner pled guilty to the charges, in the middle of a jury trial.  During the plea colloquy, Petitioner was advised that aggravated assault is a felony of the first degree carrying a maximum penalty of incarceration for twenty years[2].  Petitioner was sentenced by the trial court to an

---

[2]We note that the Commonwealth was seeking an enhanced sentence of no less than twenty-five years, nor more than fifty years, based on Petitioner's prior convictions of violent crimes.

aggregate sentence of ten to twenty years, fines totaling $300 and payment of the costs of prosecution.  The Commonwealth filed an appeal to the Superior Court of Pennsylvania, claiming that the trial court erred in failing to impose the enhanced mandatory minimum sentence.  Petitioner filed a cross appeal.

On July 20, 2001, the Superior Court vacated Petitioner's sentence and remanded to the trial court for resentencing under the mandatory minimum sentence provision of 42 Pa. C.S.A. §9714(a)(2). Petitioner's cross appeal was quashed because the notice of appeal was untimely.  Thereafter, Petitioner filed a Motion to Withdraw his guilty plea, which was granted by the trial court.

On May 6, 2002, Petitioner waived his right to counsel and proceeded to a jury trial pro se.  On May 8, 2002, the jury found Petitioner guilty of aggravated assault and false imprisonment and not guilty of unlawful restraint and simple assault.  On July 24, 2002, Petitioner was sentenced to the mandatory minimum sentence of twenty-five to fifty years incarceration pursuant to 42 Pa. C.S.A. §9714(a)(2). Petitioner was also directed to pay fines totaling $200.00 and the costs of prosecution.

The Magistrate Judge next details Petitioner's journey through the appellate and post conviction state court proceedings.  Petitioner filed the instant Petition for Writ of Habeas Corpus on March 31, 2009.  In his Petition, Petitioner raised the following grounds:

GROUND ONE: Ineffective assistance of pretrial counsel.

Petitioner's conviction was obtained as a result of ineffectiveness of counsel at the critical stage – pretrial– of judicial proceedings. Pretrial counsel failed: (1) to examine physical discovery evidence; (2) subpoena prosecution witness who testified against Petitioner previously; (3) file pretrial motion for recusal of trial court; (4) Pretrial counsel postponed trial dates under false pretexts; (5) actions were constructive denial of counsel.

GROUND TWO: Petitioner was denied a fair and impartial trial.

-4-

Trial court participated in plea negotiations in Petitioner's first trial, (precipitated by black female juror's question). Petitioner pled guilty after counsel refused to defend him any further. Commonwealth appealed; Superior Court remanded case for resentencing to lower court; Trial court allowed Petitioner to withdraw guilty plea. Trial court presided over second trial. Trial court did not recuse itself.

GROUND THREE: Ineffective assistance of appellate counsel.

Appellate counsel was ill with cancer at the time he handled Petitioner's appeal and was not competent. Appellate counsel failed to investigate and raise five meritable issues in Petitioner's direct appeal of October 7, 2004. Petitioner mentioned appellate counsel being ill in Petition To File Appeal Brief (July 12, 2004; p.4, No. 19).

Superior Court denied Petitioner due process of law by claiming the following issues waived – when the fault was ineffective appellate counsel who was battling terminal illness at the time when handling Petitioner's appeal. Appellate counsel laboring under such conditions could not function as counsel as guaranteed by Sixth Amendment of the U.S. Constitution.

GROUND FOUR: Petitioner was denied his constitutional right to fair trial and effective pretrial counsel by being forced into Hobson's Choice between incompetent counsel or self-representation.

(1) Appellate counsel was ineffective in not investigating pretrial counsel's actions and or failure to act in all critical stages of pretrial proceedings which forced Petitioner into involuntary waiver of trial counsel.
(2) All matters of pretrial counsel's ineffectiveness was known by appellate counsel and is on record. Appellate counsel could have no reasonable basis for not raising this issue.
(3) The actions and/or failure by appellate counsel violated Petitioner's Sixth and Fourteenth Amendment rights under U.S. Constitution.

GROUND FIVE: Racial discrimination in jury selection.

(1) The prosecution sought to avoid a repetition of Petitioner's first trial where there were two black jurors and one of them attempted to ask a question at that trial. See Exhibit A. Under the guise of race-neutral reasons – in Petitioner's second trial – the prosecution eliminated the black jurors. Petitioner was denied Equal Protection of the Law and a fair trial.
(2) Appellate counsel had no just cause to not raise this issue and must be held ineffective.

GROUND SIX: Denial of constitutional right to fair and impartial trial – trial court made improper references during trial.

(1) The trial court violated Petitioner's constitutional right to fair and impartial trial by clearly inferring to the jury that Petitioner was guilty by

interrupting Petitioner cross-examining detective about why victim's bed sheets were urine-free and hadn't been sent to PSP laboratory; and agreeing with prosecution on the mental state of victim at the time a statement was given to patrol officer.
(2) All of which is supported by record and appellate counsel must be found ineffective for not raising this issue.

GROUND SEVEN: Denial of constitutional right to raise a defense – Improper exclusion of evidence.

(1) The prosecution submitted to the jury pictures of alleged victim showing redness of eyes. The pictures showed no evidence of bruises on the neck, nor marks indicating having been tied up. Prosecution expert testified that victims don't always show bruises.
(2) This was false and misleading to the jury, and Petitioner was denied a chance to rebut this prosecution expert's claim with Petitioner's own pictures of a choked/strangulation victim – where victims do show bruises.
(3) This exclusion of Petitioner's picture exhibits gave an unfair advantage to the prosecution and foreclosed Petitioner's due process right to raise a defense, have a fair trial, and fairly represent himself as he was unconstitutionally forced to do.

GROUNDS EIGHT THROUGH ELEVEN IN TOTALITY DEMONSTRATE OR POINT TO A PATTERN OF VINDICTIVE AND/OR SELECTIVE PROSECUTION.

(1) Prosecutor's chief (material) witness, Rita Smith, repeatedly denied any drug use while on the witness stand, and the prosecution repeatedly objected to Petitioner's efforts to cross-examine Ms. Smith about her addiction and the fact of Ms. Smith and petitioner using drugs (crack) preceding their argument.
(2) The prosecution knew of Ms. Smith's drug addiction and had to issue a bench warrant for the material witness to even show up in court – on the grounds that Ms. Smith was a homeless drug addict.
(3) The prosecution withheld a copy of this warrant from Petitioner until trial was over:
a. Trial court issued bench warrant May 6, 2002 at 4:19 pm.
b. Ms. Smith appeared in court on the morning of May 7, 2002.
c. Prosecution mailed copy of bench warrant May 7, 2002 to the Petitioner, rather than give it to Petitioner at the start of the second day of trial on the morning of May 7, 2002.
d. Petitioner received copy of bench warrant on May 8, 2002 at Dauphin County Prison – after the trial was over.
(4) The prosecution knowingly allowed Ms. Smith to commit perjury and withheld this impeachment evidence from Petitioner to deny him due process, a fair trial, and the right to make a defense. All of which are guaranteed by Sixth and Fourteenth Amendments of U.S. Constitution.

GROUND NINE: Prosecutorial misconduct/Witness obstruction.

(1) The trial court ordered the prosecutor to produce/recall a

prosecution witness – a police officer – for Petitioner to recross-examine in order to impeach alleged victim's testimony.
(2) The prosecutor circumvented the directive from the trial court by claiming the officer couldn't be found.
(3) The trial court allowed this and impaired Petitioner's efforts to obtain the truth and a fair trial.

GROUND TEN: Vindictive/Selective prosecution

(1) Petitioner received two bills of information from pretrial counsel for the same case. The first bill charged Petitioner with simple assault. Then, for reasons never explained to Petitioner or trial court, prosecutor upgraded the simple assault to aggravated assault to selectively prosecute Petitioner under the three strikes law – 42 [Pa.] C.S.A. §9714(a)(2).
(2) Such unconstitutional and unjustified Constructive Amendment to an information is illegal and clearly reveals vindictive and selective prosecution.

GROUND ELEVEN: Racial profiling in sentencing.

(1) Dauphin County, Pennsylvania is predominately white, with the majority of the black minority community residing in Harrisburg.
(2) Petitioner is black with a criminal record of two or more felonies. It is within Petitioner's personal knowledge that 42 [Pa.] C.S.A. §9714(a)(2) is applied exclusively to blacks in the city of Harrisburg. Despite the clear language of the statute stating that " . . . all persons who at the time of conviction with two or more felonies . . ." – in reality it is not.
(3) Between 1997 and 2002 this law has been applied to only one white defendant. See attached Exhibit "B". There exists a clear pattern of racial profiling to vindictively and selectively prosecute blacks under this law, but not whites.
(4) Petitioner's motions, letters, and requests to officials, and courts for statistics needed to prove this claim have been all ignored and a formal motion denied by the trial court.
(5) Petitioner has been selectively, vindictively, and unconstitutionally prosecuted and sentenced based on his race which violates the Equal Protection Clause of the U.S. Constitution.
(6) Wherefore, Petitioner prays this Honorable Court to order these statistics produced and the Petitioner a writ of habeas corpus.

In the Report and Recommendation, the Magistrate Judge sets forth the legal standards regarding exhaustion, procedural default, review of claims resolved by state courts and ineffective assistance of counsel. We agree with and adopt the legal standards as set forth by the Magistrate Judge.

Under the procedural default doctrine, a federal habeas court is precluded

from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000). Although treated as technically exhausted, such claims are nonetheless considered procedurally defaulted. Coleman, 501 U.S. at 735 n. 1; Lines, 208 F.3d at 160 n. 9.

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either: (1) "cause" for the procedural default and "actual prejudice" as a result of the alleged violation of federal law; or (2) failure to consider the claims will result in a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001). To satisfy the first exception, a petitioner must show: (1) cause for his failure to raise his claim in state court; and (2) prejudice to his case as a result of that failure. Coleman, 501 U.S. at 750. To demonstrate "cause" for a procedural default, the petitioner must identify "some objective factor external to the defense" that impeded his ability to raise the claim in state court. Murray v. Carrier, 477 U.S. 478, 488 (1986). Once "cause" has been successfully demonstrated, a petitioner must then prove "prejudice." To establish "prejudice," "the habeas petitioner must show 'not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Id. at 494 (citing United States v. Frady, 456 U.S. 152, 170 (1982)(emphasis in original)).

Procedural default may also be excused if a petitioner can demonstrate that a fundamental miscarriage of justice will occur, i.e., that he is "actually innocent" of the

crimes against him.  Bousley v. United States, 523 U.S. 614, 623 (1998).  A fundamental miscarriage of justice will occur if a petitioner can establish that in light of new evidence it is more likely than not that no reasonable juror would have convicted him absent the claimed error.  Schlup v. Delo, 513 U.S. 298, 327-28 (1995).  The fundamental miscarriage of justice exception is confined to cases of actual innocence as compared to legal innocence, where the petitioner can show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence.  See McQuiggin v. Perkins, ___ U.S. ___, 133 S.Ct. 1924, 1931-32, 185 L.Ed.2d 1019 (2013).  "[A] petitioner asserting actual innocence ... must rely on 'reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence'" not presented at trial.  Munchinski v. Wilson, 694 F.3d 308, 337-38 (3d Cir. 2012)(citing Schlup, 513 U.S. at 324).  New evidence which tends to undermine the credibility of a witness "will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [the witness']" account of petitioner's actions.  Sawyer v. Whitley, 505 U.S. 33, 349 (1992).

After the Report and Recommendation was filed, the United States Supreme Court carved out a very narrow exception to the procedural default rule.  While under Coleman, 501 U.S. at 752-53, 111 S. Ct. at 2566, the United States Supreme Court held that an attorney's negligence in a post-conviction proceeding does not create "cause" for excusing procedural default, it has recently recognized a limited exception to this rule in Martinez v. Ryan. ___U.S.___, 132 S. Ct. 1309, 182 L.Ed.2d 272 (2012) and Trevino v. Thaler, ___U.S.___, 133 S. Ct. 1911, 185 L.Ed.2d 1044 (2013).  The Supreme Court's rulings in Martinez and Trevino hold that, under some circumstances, ineffective assistance of counsel can provide "cause" to excuse procedural default.  Martinez holds that "when a State requires a prisoner to raise an

ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial.  The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, ___U.S. at ___, 132 S. Ct. at 1318[3].  To emphasize this limited exception which the Supreme Court created in Martinez, the Court specifically held that its decision "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." Id. at ___, 132 S. Ct. at 1320.

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the United States Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 687.

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688. A reviewing court must "indulge a strong presumption that counsel's

---

[3]The Supreme Court subsequently expanded the Martinez exception in Trevino, holding that where a "state['s] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal, [the] holding in Martinez applies." Trevino, __U.S. at__, 133 S. Ct. at 1921.

conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, Strickland, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." United States v. Wiener, 127 F.Supp.2d 645, 648 (M.D.Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel." See Burger v. Kemp, 483 U.S. 776, 794 (1987). It follows that counsel cannot be deemed ineffective for not pursuing a meritless claim. Hartey v. Vaughn, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and shows prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." Bell v. Cone, 535 U.S. 685, 695 (2002) (internal quotations and citation omitted). In assessing whether the result of the proceeding might have been different, a reviewing court must consider the "totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695.

While the Magistrate Judge did find that several of the claims raised by Petitioner were procedurally defaulted and raised claims of ineffective assistance of trial and appellate counsel, we do not believe that the narrow exception to the procedural default rule, as set forth in Martinez, applies in this case[4].  While

---

[4]The record reflects that following Petitioner's sentence, the trial court appointed counsel to represent Petitioner on direct appeal.  On October 17, 2002, the Superior Court quashed the appeal due to counsel's failure to file a docketing statement as directed. After his appellate rights lapsed, Petitioner

Pennsylvania's state procedural law does require claims of ineffective assistance of counsel to be raised in an initial review collateral proceeding, Petitioner was provided with counsel for the initial and second collateral proceeding.  While counsel in the instant case filed a Motion to Withdraw[5], as did the counsel in <u>Martinez</u>, Petitioner's counsel set forth the reasons for his request and the PCRA court agreed with counsel's rational and granted counsel's request, after addressing the merits of Petitioner's claims[6].  Thus, we do not find that PCRA counsel was ineffective under the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Moreover, as will be discussed, <u>infra.</u>, we do not find that Petitioner's claim of ineffective assistance of pretrial counsel and appellate counsel are substantial. Petitioner elected to represent himself, with standby counsel, at trial.  Appellate counsel, who represented Petitioner on his direct appeal <u>nunc pro tunc</u>, acted with reasonable professional judgment.

We will now review the particular findings of the Magistrate Judge in light of

---

filed a <u>pro se</u> motion to dismiss his counsel, which was granted. The trial court then appointed another counsel to represent Petitioner.

A timely Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§9541, <u>et seq.</u>, petition was filed by counsel alleging, inter alia, ineffectiveness on the part of petitioner's prior appellate counsel for failing to file a direct appeal. On September 23, 2003, the trial court granted the PCRA petition on the ineffective assistance of appellate counsel claim and provided the petitioner relief in the form of a direct appeal <u>nunc pro tunc</u> (Doc. 12, Exhibit C, pp. 27-34).  On March 11, 2005, the trial court issued a "1925 opinion" addressing the substantive issued raised in the PCRA petition (Doc. 12, Exhibit D).  On August 12, 2005, the Superior Court affirmed the judgment of sentence on direct appeal <u>nunc pro tunc</u>. (Doc. 12, Exhibit E).

On April 18, 2006, Petitioner filed a second, <u>pro se</u>, PCRA petition. (Doc. 12, Exhibit F).  Because of the procedural circumstances in this case, and as recognized by the state trial court (Doc. 12, Exhibit C, Attachment, September 23, 2003 Memorandum Opinion and Order), the second PCRA petition may be considered as the initial review collateral proceeding.  Counsel was appointed for Petitioner and he was granted additional time for the filing of a supplemental PCRA petition. (Doc. 12, Exhibit G). On August 10, 2006, appointed counsel filed a motion to withdraw under <u>Commonwealth v. Turner</u>, 544 A.2d 927 (Pa. 1988), and <u>Commonwealth v. Finley</u>, 550 A.2d 213 (Pa.Super. 1988). (Doc. 12, Exhibit H). The court granted counsel's motion, addressed the issues raised in the petition, and issued a notice of intent to dismiss the PCRA petition (Doc. 12, Exhibit I). Petitioner filed a response to the notice of intent to dismiss on July 17, 2007. (Doc.12, Exhibit J). The PCRA court dismissed the petition on July 19, 2007. (Doc. 12, Exhibit K).  Petitioner appealed the dismissal of his second PCRA petition, acting <u>pro se</u>.

[5]Doc. 12, Exhibit H.

[6]Doc. 12, Exhibit I.

Petitioner's Objections.  As to Ground One (1), Petitioner claims ineffective assistance of pretrial counsel for failing to examine discovery materials. Respondents argued that the claim was procedurally defaulted because Petitioner failed to present the claim to the state courts.  The Magistrate Judge found that while Petitioner did raise the claim that his counsel was ineffective at the pretrial stage due to his failure to examine discovery materials, the claim was presented for the first time in his Petition for Allowance of Appeal to the Pennsylvania Supreme Court, challenging the denial of Petitioner's second PCRA petition.  In his Objections, Petitioner argues that the content of this claim was discussed in his PCRA brief on pages 36-39 under Vindictive Prosecution.  However, a review of Petitioner's brief indicates that while he references evidentiary materials, there is no claim that pretrial counsel was ineffective for failing to examine discovery materials[7]  As the Magistrate Judge indicates, Petitioner's presentation of a claim in the first instance to the Pennsylvania Supreme Court fails to satisfy the exhaustion requirement, the claim is procedurally defaulted, and Petitioner fails to set forth any argument with respect to cause[8] and prejudice for the default.  Thus, we find no merit to Petitioner's Objection.

In Ground One (2) of the Petition, Petitioner alleges that pretrial counsel was ineffective for failing to subpoena a witness.  The Respondents argued that while the claim was presented to the state courts, it should be denied on the merits.  In addressing Ground One (2), the Magistrate Judge set forth the standard for

---

[7]Doc. 12, Exhibit M, pp. 36-39.

[8]As we indicated earlier, we do not find PCRA counsel to be ineffective so as to provide "cause" to excuse  procedural default under the narrow exception in <u>Martinez</u> .  Moreover, a review of the trial transcript evidences that pretrial counsel and Petitioner were in possession of and reviewed discovery materials (Doc. 12, Exhibit A, N.T. 36-39).

ineffective assistance of counsel[9], and cited the finding of the Pennsylvania Supreme Court that a criminal defendant who asserts the right to self-representation may not assert a claim of ineffective assistance of counsel arising during the time that the defendant is proceeding pro se[10].  Commonwealth v. Bryant, 855 A. 2d 726, 736-37 (Pa. 2004).  The Magistrate Judge also set forth the findings of the Pennsylvania Superior Court addressing Petitioner's claim of ineffective assistance of pretrial counsel and found that Petitioner did not establish that the state court adjudication on the ineffective assistance of pretrial counsel claim resulted in a decision that was contrary to, or an unreasonable application of, clearly established federal law, or that the decision was an unreasonable application of the facts in light of the evidence presented in state court.  In his Objection to Ground One (2), Petitioner asserts that: "the witness in question testified against petitioner as a Commonwealth witness in petitioners first trial.  This witness was important enough for the Commonwealth then, therefore he was important enough for petitioner second trial."  The Petitioner does not challenge the Magistrate Judge's legal analysis, and we find no merit to his Objection.

In Ground One (3) of the petition, Petitioner argues that pretrial counsel was ineffective for failing to file a motion for recusal of the trial judge.  In response to Petitioner's argument, Respondents argued that while Ground One (3) was presented to the state courts, it should be denied on the merits, because the state

---

[9]The Magistrate Judge referred to the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), and the Court of Appeals for the Third Circuit's finding that Pennsylvania's three-prong test for assessing ineffective assistance of counsel is not contrary to Strickland (Doc. 20, pp. 23-25).

[10]We note that prior to jury selection at Petitioner's second trial on May 6, 2002, Petitioner indicated that he wanted to represent himself pro se.  The court conducted a colloquy with Petitioner, wherein the court advised Petitioner of the consequences of representing himself, advised him of his right to counsel and found that Petitioner's waiver of the right to counsel was knowingly, intelligently and voluntarily made.  The court also appointed Petitioner's previous counsel as standby counsel. (Doc. 12, Exhibit A, N.T. 5-15).  Petitioner, acting as his own counsel, raised several pretrial matters which were addressed by the court. (Doc. 12, Exhibit A, N.T. 21-40).

court's adjudication did not result in a decision that is contrary to, or an unreasonable application of, clearly established federal law, nor was the decision based upon an unreasonable application of facts in light of the evidence presented in state court[11]. In addressing this claim, the Magistrate Judge found that Petitioner could not voluntarily waive the right to counsel and then complain about counsel's performance.  Moreover, the Magistrate Judge found that the underlying basis for seeking recusal had no merit because a judicial officer may preside over a jury trial even after presiding over a guilty plea that is withdrawn. United States ex rel. Perry v. Cuyler, 584 F.2d 644, 648 (3d Cir. 1978).

In objecting to the Magistrate Judge's finding, Petitioner argues: "Petitioner did not voluntarily waive counsel.  Pretrial counsel's actions compelled petitioner to dismiss counsel.  See Exhibit EE - Dismissal of Counsel[12].  Petitioner had no pretrial knowledge of the necessity of filing pretrial motions for recusal.  But pretrial knew and failed to do so."

As we indicated earlier, a review of the record in this case shows that prior to the commencement of the trial on May 6, 2002, the trial court conducted a colloquy with Petitioner regarding his decision to proceed pro se.  Following the colloquy and in light of Petitioner's responses, the court found that the waiver of right to counsel was knowingly, intelligently, and voluntarily made and standby counsel was appointed[13].  Additionally, as the Magistrate Judge noted, the Petitioner's claim regarding recusal had no merit because a judicial officer may preside over a jury trial, even if the defendant had previously withdrawn a plea of guilty.  Thus, we find no

---

[11]Doc. 12, Exhibit N, p. 8.

[12]In Doc. 16-6, Exhibit EE, Motion for Dismissal of Counsel, Petitioner stated that he met with his counsel on four occasions that resulted in continuances, that there were irreconcilable conflict and difference of opinion on the manner in which the case should be litigated, and that he moved to have counsel dismissed and requested permission to represent himself, pro se.

[13]Doc. 12, Exhibit  A, pp. 5-14.

merit to Petitioner's Objection.

In Ground One (4), the Petitioner claims that his counsel was ineffective for unreasonably delaying the start of the trial while the prosecution was attempting to locate their star witness, Rita Smith, who would otherwise have been unavailable. Respondents argue that the claim should be denied on the merits.  In addressing this claim, the Magistrate Judge agreed that the claim should be denied.  The Magistrate Judge also found:

> Moreover, according to the record, the Commonwealth requested a bench warrant for Ms. Smith on May 6, 2002. An order granting the request was signed by the court that same day and filed on May 7, 2002. No action was taken on the warrant until May 30, 2002, when the warrant issued. A sheriff's return was filed on June 3, 2002. Thus, although the bench warrant was issued, Ms. Smith appeared on her own for the petitioner's trial and the warrant was never used to compel her testimony. In addition to the petitioner's failure to demonstrate that any continuances in the start of his trial were connected to the issuance of the bench warrant, the petitioner has failed to demonstrate that the continuances requested were unreasonable or caused him any prejudice. As such, the petition should be denied with respect to this claim[14].

In his Objections to the Report and Recommendation, Petitioner asserts that his trial counsel was ineffective for postponing Petitioner's court dates under false pretenses.  In particular, Petitioner argues that trial counsel advised him that continuances were necessary, because he was not prepared, and because he had more important cases to attend to.  Petitioner argues that his counsel had not been telling him the truth regarding the postponed trial dates and Petitioner infers that the reason was related to the appearance of Rita Smith.  As the Magistrate Judge points out, Petitioner failed to demonstrate that any continuances in the start of his trial were connected to the issuance of the bench warrant for Rita Smith, and Petitioner also failed to demonstrate that the continuances requested were unreasonable or caused him any prejudice.  Thus, we agree with the Magistrate Judge's conclusion

---

[14]Doc. 20, pp. 28-29.

that Ground One (4) has no merit.

In Ground One (5), Petitioner claims that the actions or omissions of counsel amounted to the constructive denial of the right to counsel.  Respondents argue that this issue was never presented in the state courts and is procedurally defaulted.  The Magistrate Judge agreed and found that since Petitioner did not establish cause or prejudice for the default, the claim should not be considered by the court.

In his Objections, Petitioner argues that in his Traverse[15], he asserts that the principles of constructive denial of counsel were presented in his PCRA Brief and Petition for Allowance of Appeal.  He asserts that the legal principles of constructive denial of counsel were framed and presented to the state courts, even if the actual term was not used.  Petitioner then references the Commonwealth's appeal of his sentence in September 2000, and the Superior Court's Memorandum Opinion, May 22, 2001, p.3.  Petitioner also argues that he cited United States v. Cronic, 466 U.S. 648 (1984) in his PCRA Brief to the Superior Court.

After reviewing the record, we agree with the Respondents and the Magistrate Judge that a constructive denial of counsel issue was never presented to the state courts, that the claim was procedurally defaulted and that Petitioner has not established either cause or prejudice for the default.  Thus, Ground One (5) should not be considered by the court.

In Ground Two of the Petition, Petitioner argues that he was denied the right to a fair trial because the trial judge did not recuse himself from presiding over Petitioner's second trial, when he had been involved in plea negotiations resulting after Petitioner's first trial.  The Magistrate Judge found that:

> The petitioner raised this issue in his direct appeal nunc pro tunc and the Superior Court deemed the issue waived for the petitioner's failure to present the issue in the trial court. Pennsylvania applies the waiver

---

[15]Doc. 15, p. 5.

> doctrine, which means that a claim of error may not be presented on
> appeal unless the claim is first raised in the trial court. See Pa.R.E.
> 103(1), Pa.R.A.P. 302(a). A claim is also deemed waived for purposes
> of the PCRA when the issue could have been raised in earlier
> proceedings and the petitioner failed to do so. 42 Pa.C.S.A. §9544(b).
> In light of the state court's finding that the petitioner waived this issue, a
> finding which rests on an independent and adequate state law ground,
> the petitioner has procedurally defaulted on the claim and the petition
> should be dismissed with respect to this claim[16].

In his Objection to the Report and Recommendation, Petitioner generically objects that the trial court should have recused itself after effectively intervening in his first trial. We agree with the Magistrate Judge that the state court's finding that Petitioner waived this issue rests on an independent and adequate state law ground and that Petitioner procedurally defaulted on this claim[17]. Thus, we find no merit to Petitioner's Objection.

In Ground Three, Petitioner argues that his appellate counsel was ineffective for failing to raise five meritorious claims on direct appeal. As the Magistrate Judge points out, Respondents read Petitioner's argument to be that appellate counsel was ineffective on direct appeal for not raising claims that pretrial counsel was ineffective. The Magistrate Judge found that pursuant to Commonwealth v. Grant, 813 A. 2d 726 (Pa. 2002) and its progeny, appellate counsel was precluded from raising ineffective counsel claims on appeal, in that Grant held that, with limited exceptions, claims of ineffectiveness must be presented by way of collateral proceedings under the PCRA and may not be presented on direct appeal.

In his Petition, Petitioner argues that appellate counsel was ill with cancer at the time he handled Petitioner's appeal and was not competent. Appellate counsel failed to investigate and raise five meritorious issues in the direct appeal. The five

---

[16]Doc. 20, pp. 29-30, referring to Doc. 12, Exhibit E, p.7.

[17]We note that the trial court addressed the recusal issue in its "1925 Opinion", Doc. 12, Exhibit D, pp. 7-8 and the Superior Court addressed it in its July 23, 2008 Memorandum, Doc. 12, Exhibit N, p. 8.

issues are set forth by Petitioner as Grounds Four through Eleven[18].  The Magistrate Judge found that although Petitioner raised the claim of ineffective assistance of appellate counsel for failing to raise claims on direct appeal in his second PCRA petition, and his claim was addressed on the merits by the PCRA court, Petitioner abandoned the claim in the Pennsylvania Superior Court and then raised the claim again in the Pennsylvania Supreme Court in his Petition for Allowance of Appeal.  Because Petitioner failed to raise the claim in the Pennsylvania Superior Court, the Magistrate Judge found that Petitioner failed to properly exhaust the claim, the claim is procedurally defaulted and Petitioner failed to present any claim of cause and prejudice.  Thus, the Magistrate Judge concluded that the court should decline to consider this ground.

As to the substantive arguments raised in Grounds Four through Eleven[19], the Magistrate Judge found that these issues were raised in the state courts by way of Petitioner's second PCRA petition.  The Pennsylvania Superior Court found that these issues were waived because Petitioner failed to raise them by way of direct appeal.  In particular, the Superior Court found:

> In issues three, four, six, seven and nine, Appellant argues that: he was forced to represent himself; the Commonwealth used race as a factor in striking black jurors; the trial court made improper inferences during the trial; the trial court erred in limiting rebuttal evidence; and Appellant was vindictively and selectively prosecuted.  However, in order to prevail on a PCRA claim, a petitioner must show, *inter alia*, "[t]hat the allegation of error has not been... waived."  42 Pa.C.S.A. § 9543(a), (3).  Pursuant to Section 9544(b) of the PCRA, "[a]n issue is waived if it could have been

_____

[18]Doc. 1, pp. 9A-9D.

[19]In his Objections, Petitioner sets forth Grounds Four through Eleven, as follows:
   4. Waiver of Counsel
   5. Racial Discrimination in Jury Selection
   6. Improper Inferences By Trial Court (Dropped)
   7. Exclusion of Evidence
   8. Brady Violation and Prosecutorial Misconduct
   9. Prosecutorial Misconduct/Witness Obstruction
   10. Selective or Vindictive Prosecution
   11. Racial Bias In Sentencing

raised prior to the filing of the PCRA petition, but was not." (citations omitted) Our review of the record reflects that issues three, four, six, seven and nine could have been raised in Appellant's direct appeal, but were not.  Therefore, we conclude that these issues are waived for purposes of this PCRA appeal[20].

The Magistrate Judge determined that because the issues were found to be waived in the state courts, they were procedurally defaulted.  The Magistrate Judge concluded that the court should decline to consider Petitioner's claims.

In his Objections to the Report and Recommendation, Petitioner argues that he raised the issues in his second PCRA Petition because appellate counsel was supposed to be representing him on his direct appeal nunc pro tunc, and that appellate counsel's illness rendered him incompetent to handle Petitioner's appeal.

A review of the record shows that counsel was appointed to represent Petitioner on his appeal nunc pro tunc.  An appeal was filed on behalf of Petitioner which raised six (6) grounds, including double jeopardy, speedy trial, recusal of the trial judge, trial court error regarding preclusion of a witness, charge of the court and sentencing[21].  A Memorandum was issued by the Superior Court on August 12, 2005, which addressed the issues raised in Petitioner's Appeal and affirmed the judgment of sentence[22].

While Petitioner raises issues regarding appellate counsel's health, it is apparent from the record that appellate counsel actively represented Petitioner in his nunc pro tunc appeal.  To the extent Petitioner asserts that appellate counsel was ineffective for failing to raise his claims that pretrial counsel was ineffective, as the Magistrate Judge points out, claims of ineffectiveness of trial counsel may not be

---

[20]Doc. 12, Exhibit N, p. 9.  Moreover, the Superior Court held that even if Petitioner's issues were not waived, they would affirm on the basis of the PCRA court's reasoning.

[21]Doc. 12, Exhibit C, Brief for Appellant in the Superior Court.

[22]Doc. 12, Exhibit E.

presented on direct appeal, but must be presented by way of collateral proceedings under the PCRA.  Moreover, to the extent that Petitioner asserts that appellate counsel was ineffective for failing to raise certain claims on direct appeal, we agree with the Magistrate Judge that while these claims were addressed on the merits by the PCRA court, Petitioner abandoned these claims in the Pennsylvania Superior Court.  In his Brief filed with the Pennsylvania Superior Court, Petitioner raises only generic arguments regarding the ineffectiveness of appellate counsel[23].  In addressing the issues raised by Petitioner regarding ineffective assistance of trial and appellate counsel, the Superior Court found that Petitioner's arguments regarding pretrial counsel, who was appointed as standby counsel, lacked merit because Petitioner elected to proceed pro se, that any claim that standby counsel was ineffective lacked merit, and that a claim of ineffective assistance of trial counsel should wait until collateral review[24].

Following Petitioner's specific Objections to the Report and Recommendation of the Magistrate Judge, Petitioner sets forth "Supporting Points and Authorities", wherein he reiterates his Grounds for relief.  Specifically, Petitioner argues ineffectiveness of pretrial and appellate counsel and recusal of the trial court.  He also raises appellate counsel's illness in a section marked "Cause and Prejudice".  Because we believe that the issues raised by petitioner were adequately addressed in the Report and Recommendation of the Magistrate Judge and by this court in the aforesaid Memorandum, we will dismiss Petitioner's Objections.  The Report and Recommendation of the Magistrate Judge filed on June 3, 2010 (Doc. 20) will be adopted.  An appropriate Order will follow.

---

[23]Doc. 12, Exhibit N, pp. 5-8.

[24]Doc. 12, Exhibit M, pp. 10-11, Issues Involved. "2. Was Appellant denied effective assistance of counsel at all stages, including trial and appeal?"; pp. 17-24, argument on Issue 2.